Laura A. JOHNSON, Appellant,

v.

P. H. HARRIS, Appellee.

No. 1575.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 29, 1954.

Decided Jan. 5, 1955.

1. Benjamin v. Hillard, 23 How. 149, 16 L.Ed. 518; Logan v. Clark, 4 Cir., 63 F.2d 973.

John Cabot White, Washington, D. C., with whom W. Bryon Sorrell, Washington, D. C., was on the brief, for appellant.

James G. Tyson, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was an action based on fraud and deceit. Appellant, plaintiff below, sued defendant alleging that he had fraudulently induced her to enter into a lease agreement for the rental of certain premises at $125 per month, and that representations were made by defendant that that amount was the rent ceiling fixed by the Administrator of Rent Control, when, in fact, no ceiling had ever been applied for or placed on the premises. Defendant denied the charge and also pleaded the statute of limitations. Briefly, the facts are these:

Plaintiff had known the defendant for many years and communicated with him in regard to renting a house. Plaintiff testi-fied that she agreed to rent a certain house and when the rental was discussed, defendant informed her that the rent ceiling was set at $125 per month, and relying on that representation she paid that rent for approximately four years. Plaintiff stated that she was informed by defendant in November 1953 that another rental agent was assuming charge and that she should not pay him more than $95 per month. According to her testimony, he also stated, "your rent will be increased." This statement aroused her suspicion, inasmuch as she had been paying $125 per month to the defendant.

The defendant testified that the premises were undergoing repairs at the time the plaintiff came to him and told him that she had to move immediately, and offered him $50 to allow her to move in at once. She also offered him $125 per month for the premises provided he would install an oil burner, and make other improvements. He denied that there had been any conversation with regard to the Rent Administrator or a rent ceiling. He stated that no ceiling had ever been placed on the premises, and denied any conversation with plaintiff regarding a new rental of $95 per month. At the conclusion of the trial the court, sitting without a jury, found that the plaintiff had not carried her burden of proving that the rental had been induced by fraudulent misrepresentations.

While several errors are assigned as the basis of this appeal, the main contention of appellant is that the court's finding was against the weight of the evidence. But the trial court by its finding has put that question at rest. The dispute was wholly factual, and, as we have stated before, where the decision is based on conflicting evidence it is not subject to reversal. The conflicting testimony required a weighing of the accuracy and reliability of the evidence, and this, of course, was a function of the trier of the facts.[1]

Affirmed.

1. Petrey v. Abell, D.C.Mun.App., 108 A.2d 543; Rosenberg v. Howle, D.C.Mun.App. 56 A.2d 709.